*NOT FOR PUBLICATION*

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Maximino OSUNA–SAMANIEGO, Defendant—Appellant.**

No. 06–30075.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Nov. 29, 2006.

---

Aine Ahmed, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

John C. Perry, Esq., Spokane, WA, for Defendant–Appellant.

Before: RYMER, BERZON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Maximino Osuna–Samaniego ("Osuna") appeals the district court's denial of his motion to suppress and his 70–month prison sentence for possession with intent to distribute 50 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly denied Osuna's motion to suppress statements made during a traffic stop, evidence recovered as a result of the traffic stop, and statements made after the traffic stop. It is undisputed that Spokane County Sheriff Deputies Ballard Bates and Kirk A. Banks properly initiated the traffic stop because they had probable cause to believe Osuna violated Wash. Rev.Code § 46.61.145 by following another vehicle too closely. The deputies' initial inquiries were reasonably related to the traffic stop. *See United States v. Chavez–Valenzuela,*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

268 F.3d 719, 724 n. 4 (9th Cir.2001), *amended by* 279 F.3d 1062 (9th Cir.2002). The deputies justifiably expanded the scope of the traffic stop and detained Osuna to seek his consent to search the vehicle because: (1) Osuna drove a car registered to another person, (2) he could not remember the registered owner's last name, (3) he came from a residence known for drug activity, and (4) Deputy Banks recognized the vehicle from a previous drug investigation.

Contrary to the dissent's analysis, the Supreme Court directs us to look at the "'totality of the circumstances' of each case" and give due weight to the factual inferences drawn by the law enforcement officers and the district court. *See United States v. Arvizu,* 534 U.S. 266, 273–77, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (holding that the approach taken by the Ninth Circuit—evaluating and rejecting listed factors in isolation from each other—departed sharply from the teachings of numerous Supreme Court cases and failed to consider the "totality of the circumstances") (quoting *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). Here, we believe that the factors taken together sufficed to form a "particularized and objective basis" for the deputies to suspect that Osuna engaged in wrongdoing, which justified expanding the scope of the initial traffic stop. *Cortez,* 449 U.S. at 417–18, 101 S.Ct. 690; *see also United States v. Perez,* 37 F.3d 510, 514 (9th Cir.1994) (affirming denial of motion to suppress based on similar suspicious factors).

■ The district court did not clearly error by finding that Osuna voluntarily consented to the search. Deputy Bates concluded that Osuna spoke English very well; Osuna understood Deputy Banks's instructions that he could decline, stop, or limit the search at any time; and Osuna verbally consented to the search and signed the consent to search card. *See United States v. Amano,* 229 F.3d 801, 804–05 (9th Cir.2000) (providing factors for assessing the voluntariness of consent by a foreign national). Because the deputies legally stopped, detained, and searched Osuna's vehicle, they could use the evidence seized from the vehicle to support probable cause to search Osuna's residence, and they could lawfully question him about the evidence seized from the car and his residence.

■ Finally, the district court's 70-month prison sentence is reasonable. Osuna agrees that the district court correctly calculated the Guidelines range, and the record demonstrates that the district court considered the factors set forth in 18 U.S.C. § 3553(a) before imposing a sentence at the low-end of the Guidelines range. *See United States v. Marcial–Santiago,* 447 F.3d 715, 717 (9th Cir.2006).

**AFFIRMED.**

BERZON, Circuit Judge, dissenting:

During the course of the traffic stop, the police *twice* seized Maximino Osuna–Samaniego for purposes of the Fourth Amendment: when they initially pulled over Osuna–Samaniego's car *and* when they asked for consent to search the car. For each seizure to be reasonable under the Fourth Amendment, the police needed to have a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

This standard was certainly met when the police witnessed Osuna–Samaniego's car following another vehicle too closely, providing probable cause to believe he had violated Washington traffic laws. *See Whren v. United States,* 517 U.S. 806, 810,

116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). During that first seizure, the police were entitled to ask Osuna–Samaniego questions "reasonably related" to the grounds for initially stopping him. *United States v. Chavez–Valenzuela,* 268 F.3d 719, 724 (9th Cir.2001). Going beyond that scope of questioning, however, constituted a further seizure of Osuna–Samaniego, and independently required particularized and objective factors arousing suspicion of criminal activity. *See id.*

Both parties agree that asking Osuna–Samaniego to consent to the search of his car was not reasonably related to the belief that he had committed a traffic violation. *See United States v. Garcia–Rivera,* 353 F.3d 788, 791 (9th Cir.2003). The majority also accepts this position. The consent request therefore caused a second seizure, justified only if the police had reason to suspect Osuna–Samaniego's involvement in illegal activity beyond a traffic violation.

The majority relies on four pieces of evidence, related to possible car theft and drug activity, to justify the second seizure. The government acknowledged at oral argument that any initial concern about the potential theft of the car—raised by the fact that Osuna–Samaniego was not the vehicle's owner and could not remember the owner's last name—was not a sufficient justification for the second seizure, deriving from the request to search the car. So the only illegal activity that motivated the police to request consent to search was the suspicion of a drug offense, suggested by Osuna–Samaniego's previous presence at a house linked to drug activity. Yet, as the government also acknowledged, merely knowing that Osuna–Samaniego had visited in his car a house linked to drug activity would not have been enough to justify the initial stop. *See United States v. Thomas,* 211 F.3d 1186, 1190–91

(9th Cir.2000). Because each seizure must be justified by particularized and objective factors arousing suspicion of criminal activity, the second seizure cannot be justified by suspicion insufficient to have triggered a valid initial stop. The upshot is that there was simply not reasonable suspicion of a drug offense at the time the officers asked for consent to search, and the search was invalid.

On this basis, I respectfully dissent.